Frank P. Chaffee
vs.
Coated Textile Mills, Inc.
} Law No.62197

April 14, 1926.

WALSH, J. Heard on defendant's motion for new trial after verdict for the plaintiff in the sum of $3550.

The action is one of negligence. Plaintiff, an employee of the street railway company, on November 17, 1924, between 5 and 5:30 p. m., was standing in South Water street from 30 to 45 feet north of the corner of India and South Water streets at about the centre of the travelled part of the highway. He was facing north, and had been standing there for half a minute, when a truck of defendant came through India street, turned north on South Water street and struck plaintiff. Plaintiff neither saw nor heard the truck prior to its impact with his body. He was busy watching some freight cars, over which he had supervision, approach. Plaintiff was familiar with the surroundings for three or four years and knew that trucks were transporting much freight at or about that time to the outgoing New York steamers.

Defence admitted striking plaintiff but contended that plaintiff was standing in the shadow of a pole at the time of the accident and in a place where a foot passenger could not reasonably be expected to be; that the driver of the truck in making the right angle turn necessarily caused his headlights to cast their beams in an arc which did not disclose the plaintiff; that the driver was guilty of no negligence and that the plaintiff was guilty of contributory negligence.

The questions of due care on the part of the plaintiff, whether or not the facts show that plaintiff was guilty of contributory negligence at the time, and whether or not the agent of defendant was guilty of negligence in the operation of the truck at the time, which negligence was the sole cause of the injury to plaintiff, were submitted to the jury and their findings upon these questions can be supported by a reasonable view of the evidence.

The defence, however, insists that the damages awarded were excessive. We feel that this contention has merit and should be sustained. Three doctors, the plaintiff and plaintiff's wife testified quite fully as to the complaints of plaintiff as to injuries. All three doctors agree that the symptoms of plaintiff are subjective, that no bones were broken and that no

serious organic trouble resulted to plaintiff. We feel that the strong proponderance of the testimony shows no permanent injury to plaintiff as a result of this accident. On the night of the accident, the plaintiff left the Rhode Island Hospital and made his way home alone to Warwick, R. I. At that time he had a bruise in his right lumbar region, a bruise on his left hip, a bruise on his left elbow and bruises on his head. Dr. Palmer saw him thirteen days after the accident and found his nervous system and kidneys normal. Dr. Griffin corroborated Dr. Palmer. Dr. Knoop, for the plaintiff, based his opinion as to permanent injury on subjective symptoms only. Looking at the testimony in its most favorable light for plaintiff, his injuries consisted of a severe straining and wrenching of the muscles and ligaments of the back, abdomen and groin, with the multiple bruises above set forth, from all of which he has made a good recovery. Dr. Knoop attended him for about eight weeks. Plaintiff was out of work until December 20, 1924. The plaintiff is entitled to $137.25 paid Dr. Knoop, to $205 loss of wages for 5 weeks and to a reasonable amount for his pain and suffering. Taking into consideration all the circumstances of this case, we feel that $2000 would be a generous allowance for the plaitiff's damage.

Hence, if the plaintiff shall file his remittitur of all damage in excess of $2000 within four days of the date of the filing of this rescript, the motion for a new trial is denied; if such remittitur is not filed as above, the motion for a new trial is granted.

For Plaintiff: Edward H. Ziegler and C. A. Kelley.

For defendant: Edwards & Angell.